**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 26-4003**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVLIN JERROD JACKSON, a/k/a Kevlin Jackson,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:21-cr-00091-1)

_____

Submitted:  June 18, 2026                           Decided:  June 24, 2026

_____

Before GREGORY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Clint Carte, Assistant Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Joseph Franklin Adams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevlin Jerrod Jackson appeals the district court's judgment revoking his supervised release and sentencing him to eight months' imprisonment, with no additional term of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Jackson's sentence. The Government has not filed a response. Although informed of his right to file a pro se supplemental brief, Jackson has not done so. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Slappy*, 872 F.3d at 207 (citation modified). Only if a sentence is either procedurally or substantively unreasonable "do we consider whether it is 'plainly' so, relying on the definition of 'plain' used in our plain error analysis—that is, clear or obvious." *Id*. at 208 (citation modified).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United*

2

*States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). A revocation sentence falling within the recommended policy statement range is presumed reasonable. *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

We conclude that Jackson's revocation sentence is both procedurally and substantively reasonable. When imposing Jackson's revocation sentence, the district court correctly calculated a policy statement range of 4 to 10 months' imprisonment, engaged the parties in a discussion of the circumstances of the violations, and considered the relevant statutory factors and the parties' arguments. The court imposed a sentence within the policy statement range and gave sufficiently detailed reasons for its decision that balanced both the aggravating and mitigating factors of Jackson's violations. Jackson's within-policy statement range sentence is presumptively reasonable, and Jackson has not demonstrated any factors to overcome this presumption.

In accordance with *Anders*, we have reviewed the record in its entirety and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's revocation judgment. This court requires that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous,

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*